# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BRIAN WILCOX,**

        **Petitioner,**

**vs.**
                                **Case No. 8:10-CV-1917-T-27EAJ**
                                **Crim Case No. 8:07-CR-163-T-27EAJ**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response in Opposition (CV Dkt. 12), and Petitioner's Reply (CV Dkt. 17).[1] Upon consideration, Petitioner's motion is DENIED *in part.* An evidentiary hearing is necessary with respect to Petitioner's claims of ineffective assistance of counsel raised in Grounds Two and Three of his motion.

### Procedural History

Petitioner was charged in a three count Superseding Indictment with production of child pornography, possession of child pornography, and transportation of child pornography in interstate and foreign commerce by means of a computer, in violation of 18 U.S.C. §§ 2251(a) and (2), 2252(a) and (4), and 2252(a)(1) (CR Dkt. 17). Petitioner pleaded guilty to each count (CR Dkts. 41, 45) and on February 20, 2008, was sentenced to a total term of imprisonment of 45 years (30 years on Count One, 10 years on Count Two, and 5 years on Count Three, consecutive, to be followed by

---

[1] Petitioner is now represented by counsel (*See* CV Dkt. 18).

1

a term of supervised release of life (CR Dkts. 56, 60).[2]

Petitioner's convictions and sentence were affirmed on appeal (CR Dkt. 96; *United States v. Wilcox*, 324 Fed. Appx. 805 (11th Cir. 2009)). The Eleventh Circuit found that Petitioner's guilty plea was knowing and voluntary, his sentence was procedurally and substantively reasonable, and that the conditions of supervised released were unambiguous.

The Government concedes the petition is timely. Petitioner's convictions became final on August 25, 2009, when the time for filing a petition for certiorari review expired. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Petitioner therefore had until August 25, 2010 to file his § 2255 motion. Petitioner's motion was signed and submitted to prison officials for mailing on August 24, 2010 (CV Dkt. 1, p. 29). It is deemed to have filed on August 24, 2010 under the "mailbox rule." *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

In his § 2255 motion, Petitioner raises five grounds for relief:

**Ground One**: The District Court committed procedural error in miscalculating Wilcox's guideline range when it improperly applied the grouping rules and failed to follow the ordered sequence of steps established by the United States Sentencing Commission.

**Ground Two**: Both trial and appellate counsel were ineffective in failing to object to or raise the guideline errors that were available at sentencing and on direct appeal, resulting in Wilcox receiving a significant increase in his sentence.

**Ground Three**: Counsel was constitutionally ineffective for failing to adequate [sic] investigate the Guideline procedure or properly prepare for the sentencing phase.

**Ground Four**: The District Court committed procedural error when accepting Wilcox's guilty plea on all counts. The court had knowledge that serious debilitating illness had the bona fide potential to influence Wilcox's ability to meaningfully participate in the preparation for and the proceedings of his change of plea. Failure to conduct a reasonable, more extensive inquiry into Wilcox's medical fitness and competence violated his Fifth and Sixth Amendment rights.

---

[2] Part of the offense conduct involved Petitioner's own daughter, whose pictures he took and disseminated over the internet.

**Ground Five**: Counsel's patent failure to recognize, investigate or regard the extent of Wilcox's disease produced a plea that was neither the result of meaningful preparation not entered with knowledge of the options available or possible consequences of the plea, Wilcox's Fifth and Sixth Amendment rights were violated by counsel's failure to properly inquire into Wilcox's medical fitness and competence.

## Ground One

In Ground One, Petitioner contends that the district court incorrectly applied his sentencing guidelines (CV Dkt. 1, p. 4; CV Dkt. 2, p. 15-16). Specifically, Petitioner contends that his three counts of conviction were incorrectly grouped pursuant to USSG § 3D1.2.[3] Specifically, he argues that his conviction for production of child pornography (Count One) is expressly excluded from the operation of the grouping rules by USSG § 3D1.2(d) (CV Dkt. 2, p. 17).[4]

---

[3] Petitioner also contends that application of the 4 level enhancement for sadomasochistic images (USSG §2G2.1(b)(4)) as to Count One was erroneous. The PSR makes clear that the 4 level enhancement for sadomasochistic images was applied because Petitioner possessed images depicting a crying, pre-adolescent female wearing a dog collar engaged in sexual intercourse, not because he produced the image (PSR at ¶ 32). In any event, Petitioner's counsel raised that objection prior to sentencing but withdrew it during the sentencing hearing, in the presence of Petitioner (CR Dkt. 78, p. 13). Therefore, that claim has been waived. *See Brillhart v. United States*, 2009 WL 462727 (MD Fla. Feb. 23, 2009)("where a defendant raises and then knowingly withdraws an objection to his sentence, the objection is waived and will not be reviewed"); *United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997); *United States v. Jackson*, 173 Fed. App'x 772, 775 (11th Cir. 2006)("waiver extinguishes appellate review because there is technically no 'error' to correct.")

[4] USSG § 3D1.2 expressly excludes offenses in Chapter Two, Part A, including those in USSG § 2G2.1. Petitioner is therefore arguably correct that Count One should not have been grouped with Counts Two and Three pursuant to USSG § 3D1.2.

The guideline for the offense of production of sexually explicit images of minors is in USSG § 2G2.1(a), which provides for a base offense level of 32. Applying the specific offense characteristics pursuant to § 2G2.1(b)(1)(A)(minor under age of 12)(+4 levels), § 2G2.1(b)(3)(distribution)(+2 levels), § 2G2.1(b)(5)(defendant a parent)(+2 levels),and the vulnerable victim adjustment pursuant to § 3A1.1(b)(1)(+2 levels), results in an adjusted offense level of **42**.

The guideline for Counts Two and Three are found in USSG § 2G2.2(a)(2), which provides for a base offense level of 22. Applying the specific offense characteristics pursuant to § 2G2.2(b)(2)(minors under age of 12)(+2 levels), § 2G2.2(b)(3)(F)(distribution)(+2 levels), § 2G2.2(b)(4)(sadistic or masochistic conduct)(+4 levels), § 2G2.2(b)(6)(use of computer)(+2 levels), and §2G2.2(b)(7)(A)(at least 10 but less than 150 images)(+2 levels), results in an adjusted offense level of **34**.

Applying the combined offense level pursuant to USSG § 3D1.4, the highest adjusted offense level is 42 (Count One). The grouping of Counts Two and Three is 8 levels less serious than Count One, resulting in 1½ units, and a one level increase in offense level, or **43**. Adjusting for acceptance of responsibility pursuant to USSG § 3E1.1(a) (-3 levels), results in a total offense level of **40**. With a Criminal History Category I, Petitioner's guideline range would be 292-365 months. This application of Petitioner's guidelines therefore results in a lower sentencing range than what was applied at the time of sentencing.

This claim presents a non-constitutional issue that is not cognizable under § 2255.[5] *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Hunter v. United States*, 559 F.3d 1188, 1190 (11th Cir. 2009)(sentencing error alone does not demonstrate substantial showing of denial of a constitutional right); *Ayuso v. United States*, 361 Fed. Appx. 988, 991 (11th Cir. 2010)(claimed sentencing guidelines error not cognizable under § 2255 because it is not a constitutional error and does not rise to the level of a miscarriage of justice.); *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996)("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255.").

This issue could have been raised on direct appeal. Collateral review under § 2255 is not a substitute for direct appeal. *United States v. Coley*, 336 Fed. Appx. 933, 935-36 (11th Cir. 2009)("We have clarified that "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."), *cert denied*, 130 S.Ct. 2093 (2010) (quoting *Lynn v. United States*, 365 F.3d at 1232-33). Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). A misapplication of the sentencing guidelines does not demonstrate a miscarriage

---

[5] Because this asserted error in the calculation of Petitioner's sentencing guidelines does not implicate constitutional concerns and would not, if condoned, result in a complete miscarriage of justice, the Court need not determine whether, under procedural default rules, there was cause for Petitioner's procedural default and resulting prejudice.

4

of justice. *Ayuso v. United States, supra; Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

Petitioner has not shown error that would result in a complete miscarriage of justice if not corrected. He contends that there is "nothing in the District Court's statements during sentencing to suggest that the district judge would have imposed such a sentence if he had not believed that the guideline was actually life." (CV Dkt. 2, p. 15). A review of the sentencing transcript indicates otherwise.

The Government sought a 60 year sentence, which was statutory maximum sentence and Petitioner's effective guideline range. (CR Dkt. 78, p. 43). Defense counsel, apparently appreciating that his client faced a lengthy sentence, argued against a sentence of 60 years (CR Dkt. 78, pp. 18-19; 23, 24). The sentence imposed was below the 60 year maximum. This Court found, after considering Petitioner's age and health concerns, that a 60 year sentence was "greater than necessary to satisfy the statutory purposes of sentencing." (CR Dkt. 78, p. 54). However, this Court reiterated that sentences for child pornography are "intended to be lengthy, and they should be" (Id., p. 53), and "[t]his is not a case which calls for a light sentence . . . This is a serious offense and warrants a serious sentence." (Id. pp. 56, 71). Indeed, this Court concluded: ". . . this is a case which compelled a sentence of this nature. Keep in mind that the guidelines call for even a longer sentence." (Id., p. 71-72).

A description of the offense conduct is unnecessary. Suffice it to say, there were compelling reasons for the sentence imposed. As this Court observed during the sentencing hearing, "[a]ny person, any adult or parent with any sense of decency would be appalled." (CR Dkt. 78, p. 56). Moreover, Counts One and Three required mandatory minimum sentences. The sentence imposed

was based on the nature and characterization of the offense conduct, Petitioner's background and characteristics, the seriousness of the offense, the need to promote respect for the law, and the need to deter and to protect the public, consistent with 18 U.S.C. § 3553(a). In sum, the sentence reflects an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Considering the totality of the circumstances, the sentence is, as the Eleventh Circuit found, substantively reasonable. It is below the statutory maximum penalty and was based on a careful consideration of the sentencing factors set forth in § 3553(a). The Court was not constrained by the advisory guidelines, and in fact imposed a sentence at variance with the guidelines. The advisory guidelines did not drive this sentence, Petitioner's conduct did. There is no showing that any procedural error in applying the guidelines resulted in a complete miscarriage of justice.[6] Relief on Ground One is DENIED.

### Ground Two

In Ground Two, Petitioner contends that both his trial and appellate lawyers were ineffective in failing to object to or raise guideline errors at sentencing and on direct appeal. Petitioner claims that as a result, he received a "significant increase in his sentence."

To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must demonstrate that his attorney's "representation fell below an objective standard of reasonableness"

---

[6] To the extent the Government's response concedes procedural error in the application of the guidelines and does not oppose a limited evidentiary hearing on that issue, this Court is not bound by the Government's concession. *See United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009). An evidentiary hearing on Ground One would serve no purpose.

considering the circumstances as they existed at the time of representation. *Id.* at 687-88. In this regard, he must overcome the strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. Even if Petitioner can show that attorneys performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 688, 694. A "reasonable probability" is one that is ". . . sufficient to undermine confidence in the outcome" of the proceedings. *Id.* at 694.[7]

**Petitioner's sentencing attorney**

Petitioner points out that his sentencing attorney retained a "sentencing expert/analyst" who "advised counsel in writing of both the proper guideline procedure for calculating a sentence involving multiple counts of conviction and the prohibition on the grouping of offenses excluded under USSG § 3D1.2, specifically the grouping of offenses governed under USSG § 2G2.1." (CV Dkt.2, pp. 24-25). Petitioner contends that he questioned counsel about the grouping issue and wrote to his attorney "on December 19, 2007 regarding this and other issues contained in the presentence report." (Id., p. 25).

By statute, if a sentence is imposed as a result of an incorrect guideline application, the case must be remanded for further sentencing proceedings. 18 U.S.C. § 3742(f). An error in the calculation of the sentencing guidelines is, however, subject to harmless error analysis. *See United States v. Melvin*, 190 Fed. Appx. 865, 869 (11th Cir. 2006); *United States v. Creary*, 382 Fed. Appx. 850, 853 (11th Cir. 2010)(error in resolving disputed guideline calculation harmless where district

---

[7] The failure to establish either prong of *Strickland*'s deficient performance/prejudice analysis is fatal to a claim of ineffective assistance of counsel, rendering it unnecessary to consider the other prong. *Rutherford v. Crosby*, 385 F.3d 1300, 1308-09 (11th Cir. 2004).

court would have imposed same sentence and sentence was reasonable)(citing *Williams v. United States*, 112 S.Ct. 1112, 1120-21 (1992)( harmless error applied to sentencing cases, and remand unnecessary if the party defending the sentence persuades the appeals court that the district court would have imposed the same sentence absent the erroneous factor)).

Here, the application of Petitioner's sentencing guidelines (with one exception which was favorably resolved in Petitioner's favor), was not disputed by Petitioner's sentencing attorney. Indeed, the prosecutor, defense counsel, and probation officer agreed that Petitioner's guideline range was life, but the effective range was 60 years, the sum of the maximum sentences prescribed for the three counts of conviction (CR Dkt. 78, p. 63). Notwithstanding, the Government now concedes that there was error in calculating Petitioner's sentencing guidelines. To resolve whether counsel's failure to challenge the calculation of the guidelines was a matter of strategy or deficient performance, and whether any claimed deficiency prejudiced Petitioner, an evidentiary hearing is necessary.[8]

**Petitioner's appellate attorney**

Petitioner states that he wrote to his appellate attorney, sending him "detailed research

---

[8] *Glover v. United States*, 531 U.S. 198 (2001), on which Petitioner relies for the proposition that an attorney's failure to raise a grouping error necessarily constitutes prejudice, is not necessarily dispositive. *Glover* was decided when the sentencing guidelines were mandatory. The Court's conclusion that prejudice resulted from counsel's failure to press a grouping error was predicated on the mandatory nature of the guidelines. *Glover*, 531 U.S. at 204 ("Although the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a *determinate system of constrained discretion* such as the Sentencing Guidelines it cannot serve as a bar to a showing of prejudice.")(emphasis added). Whether *Glover's* holding applies in an advisory guidelines scenario is an open question. *See Berry v. Wolfbarger*, 2010 WL 2681173 (E.D. Mich. 2010)(presumption that counsel's failure to correct error on PSR resulted in higher sentence does not establish prejudice). Notwithstanding, as to *Strickland's* prejudice prong, Petitioner must show there is a reasonable probability that but for his attorney's claimed deficient performance, he would likely have received a lower sentence. *See Glover*, 531 U.S. at 200. The question of prejudice will be addressed after the evidentiary hearing, if counsel's failure to object to the grouping error is found to have constituted deficient performance under *Strickland*.

regarding possible sentencing errors and questioned the procedural integrity of his sentence," including "these findings in his Petition for Rehearing submitted to the Eleventh Circuit Court of Appeals," referring apparently to his own research and contentions (CV Dkt. 2, p. 25). A review of Appellant's Initial Brief on Appeal (CV Dkt. 12, Attach. A) demonstrates that appellate counsel did not challenge the district court's calculation of the sentencing guidelines. Although Petitioner did not raise guideline errors on appeal, the Eleventh Circuit, in rejecting Petitioner's procedural and substantive challenges to his sentence, expressly found that he had been "sentenced within a properly calculated guideline range." *United States v. Wilcox*, 324 Fed. Appx. at 810 ("Because Wilcox was sentenced within a properly calculated guideline range, his sentence may be presumed reasonable.").

To establish that his appellate counsel was ineffective, Petitioner must establish that his counsel performed deficiently and that the deficient performance resulted in prejudice. *Joiner v. United States*, 103 F.3d 961, 963 (11th Cir. 1997). To establish prejudice, the merits of the omitted claim must be examined to determine whether the omitted claim would have had a reasonable probability of success on appeal. *Id.* If any uncertainty exists in this respect, appellate counsel could not have demonstrated that the error affected Petitioner's substantial rights. *Id.*

A sentence is procedurally unreasonable if the district court incorrectly calculates the sentencing guidelines. *United States v. Lattimore*, 296 Fed. Appx. 890, 892 (11th Cir. 2008)(citing *Gall*, 552 U.S. 38 (2007). Notwithstanding the advisory nature of the sentencing guidelines, district courts must correctly calculate the sentencing range prescribed by the guidelines. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005)(Although sentencing guidelines are advisory, district court remains obliged to "consult" and "take into account" the guidelines in sentencing). And because a "true consultation cannot be based on an erroneous understanding of the Guidelines,"

9

the ordinary result is a remand to the district court for resentencing. *Id.* at 1183.

Because the grouping error in the guidelines calculation was not raised in the district court, it would have been subject to plain error review on appeal. *United States v. Salter*, 271 Fed. Appx. 905, 906-07 (11th Cir. 2008); *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999). To prevail under the plain error standard, Petitioner's appellate counsel would have to have shown that there was: (1) an error; (2) that the error is plain; and (3) that the plain error affected substantial rights. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir.2005). Error is "plain" only if it is "obvious or clear under current law." *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006). Once plain error is established, an appellant must demonstrate that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329.

As noted, an error in calculating the sentencing guidelines is subject to harmless error analysis. *United States v. Ward*, 416 Fed. Appx. 59 (11th Cir. 2011). A guidelines calculation error is harmless when (1) the record includes evidence that the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence imposed would be reasonable even if the guidelines issue had been decided the other way. *United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006). Accordingly, if Petitioner's guideline calculation error was harmless, appellate's counsel's failure to raise the issue, even if deficient, could not have resulted in prejudice.

Whether counsel's failure to raise the grouping error as an appellate issue was deficient performance, and whether that failure prejudiced Petitioner, cannot be resolved without an evidentiary hearing.

***Ground Three***

Since an evidentiary hearing is required to resolve Petitioner's claim of ineffective assistance raised in Ground Two, that hearing will necessarily encompass the claim raised in Ground Three, that Petitioner's attorney was ineffective in failing to investigate the "Guideline procedure or properly prepare for the sentencing phase."

***Ground Four***

In Ground Four, Petitioner contends that the district court erred in accepting his guilty plea because the court had knowledge of a "serious debilitating illness," and that the court should have conducted a "more extensive inquiry" into his mental fitness and competence. Specifically, Petitioner contends that the "District Court committed procedural error when accepting Wilcox's guilty plea on all counts," that the "court had knowledge that serious debilitating illness had the bona fide potential to influence [Petitioner's] ability to meaningfully participate in the preparation for and the proceedings of his change of plea," and that the "[f]ailure to conduct a reasonable, more extensive inquiry into [Petitioner's] medical fitness and competence violated his Fifth and Sixth Amendment rights" (CV Dkt. 1, p. 10).

This claim warrants no relief for three reasons. First, to the extent Petitioner contends that it was error to accept his guilty plea "on all counts," that issue was raised and rejected on appeal. The Eleventh Circuit determined that Petitioner waived the right to challenge his guilty plea by failing to object to the magistrate Judge's Report and Recommendation. *United States v. Wilcox*, 324 Fed. Appx. at 808. Accordingly, that claim may not be re-litigated. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert denied*, 531 U.S. 938 (2001); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981).

Second, a claim which has been previously rejected on appeal does not merit rehearing on a different, but previously available, legal theory. *United States v. Nyhuis*, 211 F.3d at 1343 (citing *Cook v. Lockhart*, 878 F.2d 220, 222 (8th Cir.1989)). Petitioner has merely re-characterized his claim that his guilty plea should not have been accepted by adding a new theory that his Rule 11 colloquy was deficient. Specifically, he contends that "the District Court had an obligation to conduct a more extensive inquiry into his mental fitness and competence to enter a guilty plea when the District Court and the magistrate judge both had knowledge that he was suffering a serious debilitating disease which had only been diagnosed two weeks prior." (CV Dkt. 2, p. 37).

As the Eleventh Circuit previously determined, Petitioner's failure to object to the Magistrate Judge's Report and Recommendation waived this challenge to his guilty plea. And, to the extent that Petitioner's claim can be construed as a challenge to the sufficiency of his Rule 11 plea colloquy conducted by the magistrate judge, collateral relief is not available to a defendant "who can only show a failure to comply with the formal requirements of Rule 11." *Lilly v. United States*, 792 F.2d 1541, 1543 (11th Cir. 1986) (citing *United States v. Timmreck*, 441 U.S. 780 (1979)).

Third, to the extent Petitioner raises a procedural competency claim under *Pate v. Robinson*, 383 U.S. 375 (1966), that claim has been waived by the failure of Petitioner to raise it on direct appeal.[9] *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005). Even if this claim is cognizable on collateral review, it is nonetheless without merit. Petitioner points to no error or deficiency in his Rule 11 colloquy. Rather, Petitioner essentially contends that the inquiry into his

---

[9] A *Pate* claim must establish that the judge ignored facts raising a bona fide doubt regarding a defendant's competency. *James v. Singletary,* 957 F.2d 1562, 1572 n.15 (11th Cir. 1992). *Pate* requires a court to *sua sponte* conduct a competency inquiry when a bona fide doubt arises as to a defendant's competency. *James v. Singletary,* 957 F.2d at 1570 ("*Pate*, in essence, established a rebuttable presumption of incompetency upon a showing by a habeas petitioner that the state trial court failed to hold a competency hearing on its own initiative despite information raising a bona fide doubt as to the petitioner's competency.").

mental and physical health did not go far enough. This contention is without merit.

Before a *sua sponte* obligation to conduct further inquiry into a defendant's competency is triggered under *Pate*, "the court must have information raising a 'bona fide doubt' as to the defendant's competency." *Watts v. Singletary*, 87 F.3d 1282, 1287 (11th Cir. 1996) (habeas context); *United States v. Molina-Garcia*, 405 Fed. Appx. 393, 395 (11th Cir. 2010)("Relevant information may include evidence of a defendant's irrational behavior, demeanor at trial, or prior medical opinion; but 'there are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed.'")(quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).

Petitioner contends that the district court "had knowledge" of a "serious debilitating illness" he suffered which "had the bone fide potential to influence [Petitioner's] ability to meaningfully participate in the preparation for and the proceedings of his change of plea," a condition he claims was diagnosed two weeks before his change of plea (CV Dkt. 2, p. 37). Petitioner describes his diabetic condition as "brittle," and contends that it prevented him from "entering a guilty plea which was knowing, voluntary or intelligent." (CV Dkt. 2, p. 38).

A comprehensive Rule 11 plea colloquy was conducted which satisfied all of the requirements of the rule. The magistrate judge addressed Petitioner personally before determining that his plea was knowing and voluntary. The transcript of the change of plea hearing belies any contention that the magistrate judge should have *sua sponte* made inquiry into Petitioner's mental and physical health before finding the plea to be knowing and voluntary. Simply put, there was nothing before the magistrate judge which raised a bona fide doubt about Petitioner's competency.

Nothing in the record would have put the magistrate judge on notice that Petitioner's medical

or mental health condition prevented him from entering a knowing and voluntary guilty plea. Nor was there any indication in the presentence report or that was presented during sentencing which would have put the district court on notice of any such condition. The transcripts of Petitioner's change of plea and sentencing hearing demonstrate that he was articulate, coherent, focused and appropriately responsive to the questions posed to him.

Prior to his guilty plea hearing, Petitioner's counsel filed unopposed motions seeking medical attention. The motion(s) were promptly granted by the magistrate judge without a hearing (CR Dkts. 32, 37, 38). In the motions, counsel sought medical attention for what he described as described Petitioner's diabetic condition, tooth decay, prior back injury, vision problems, numbness in his extremities, bulge in his groin and stomach area, flatulence, deformed mole on his nose, and weight loss. (CR Dkts. 32, 37). Nothing in the motions even remotely suggested that any of these medical conditions raised any question, let alone a bona fide doubt, about Petitioner's mental health or competency to enter an informed and knowledgeable guilty plea. The magistrate did not err in failing to make further inquiry *sua sponte*. And nothing presented to the district court hinted at any medical or mental health condition which rendered Petitioner incompetent. In sum, this claim is refuted by the record.

### Ground Five

In Ground Five, Petitioner raises a claim of ineffective assistance of counsel. He contends that counsel failed to recognize and investigate his medical condition before Petitioner entered his guilty plea, and that his guilty plea was thereby rendered involuntary and unknowing. Specifically, Petitioner contends that "Counsel's patent failure to recognize, investigate or regard the extent of Wilcox's disease produced a plea that was neither the result of meaningful preparation nor entered

with knowledge of the options available or possible consequences of the plea. Wilcox's Fifth and Sixth Amendment rights were violated by counsel's failure to properly inquire into Wilcox's medical fitness and competence." (CV Dkt. 1, p. 12). This claim is refuted by the record and therefore without merit.

Since Petitioner's sole premise for this ineffective assistance claim is his alleged incompetence to enter an informed and voluntary guilty plea, a review of the change of plea hearing and sentencing hearing is necessary. Those transcripts conclusively establish that counsel's advice could not have fallen below the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985)(Petitioner may attack the voluntary and intelligent character of the guilty plea only by demonstrating that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases.").

To obtain collateral relief, Petitioner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)). Moreover, in order to satisfy *Strickland's* prejudice prong, Petitioner must show not only that his attorney committed professional error, but also "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Under the first prong of *Strickland*, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994); *Wofford v. Wainwright*, 748

F.2d 1505, 1508 (11th Cir. 1984). The plea colloquy demonstrates that Petitioner's attorney fulfilled his Sixth Amendment responsibility to Petitioner, and that Petitioner entered a knowing and voluntary guilty plea after having the benefit of his attorney's advice and representation, with which Petitioner expressed his satisfaction.

Ordinarily, a claim of ineffective assistance which challenges the knowing and voluntary nature of a guilty plea requires an evidentiary hearing. Where, however, as here, the record conclusively refutes the allegations of deficient performance and prejudice, an evidentiary hearing is unnecessary. *Saunders v. United States* 278 Fed. Appx. 976, 978 (11th Cir. 2008)("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record.") (quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008)("An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'")(citing 28 U.S.C. § 2255).

Even if everything Petitioner says is true, that would not support a finding that any alleged deficiency in counsel's performance prevented Petitioner from entering a knowing and voluntary guilty plea. And regardless of whether counsel's performance was somehow deficient, Petitioner does not demonstrate that but for any deficient performance, he would not have pleaded guilty and insisted on going to trial. *See Liebman v. Department of Corrections*, 411 Fed. Appx. 261, 263 (11th Cir. 2011). In sum, there is nothing in Petitioner's motion and supporting memorandum concerning

his attorney's conduct which vitiates the knowing and voluntary nature of his guilty plea.[10]

Petitioner's plea colloquy unequivocally demonstrates a knowing and voluntary guilty plea.[11] At the beginning of the colloquy, and after Petitioner had been placed under oath, the magistrate judge advised Petitioner: "If at any time during the hearing you decide you don't want to plead guilty, all you have to do is let me know and the hearing will be stopped." Petitioner was instructed that if he pleaded guilty and his plea was accepted by the district judge, it would be "much more difficult, if not impossible, to change your mind." (CR Dkt. 73, p. 5). Petitioner confirmed his understanding and agreed to proceed, notwithstanding the offer to stop the hearing. (Id.). Nor was there any equivocation on Petitioner's part.

The magistrate judge asked Petitioner what medications he was taking. Petitioner explained that his medications were "to treat diabetes," demonstrating an understanding and appreciation of

---

[10] To the extent Petitioner complains of his attorney's pre-plea performance, by pleading guilty, Petitioner waived all non-jurisdictional challenges to his conviction, including pre-plea ineffective assistance of counsel which does not relate to his decision to plead guilty. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981)("Once a guilty plea is made, non jurisdictional challenges to a conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Accordingly, Petitioner's complaints about his attorney's pre-plea investigation into his medical condition and pre-plea advice were all subsumed within Petitioner's decision to plead guilty and the thorough plea colloquy conducted by the magistrate judge. Those complaints were not about Petitioner's decision to plead guilty, and could not have undermined the knowing and voluntary nature of his guilty plea. *Wilson, supra* at 997; *Hutchins v. Secretary for Dept. of Corrections*, 273 Fed. Appx. 777, 778 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 126 (2008).

[11] The magistrate explained each charge in the Superseding Indictment and Petitioner confirmed his understanding of each charge. (CR Dkt. 73, pp. 8-10). Petitioner confirmed that he had reviewed the charges and fully discussed the case with his attorney, had sufficient time to make his decision, and was fully satisfied with his attorney's advice and representation. (Id.) He confirmed that he signed the Notice Regarding Entry of Plea of Guilty, understood it, and that before he signed it, his attorney read it to him. (Id., p. 12). Petitioner confirmed his understanding of the consequences of his plea, the constitutional rights he was waiving by pleading guilty, and that he was waiving any defense to the charges. (Id., pp. 14-17). Likewise, he confirmed his understanding of the elements of the offenses to which he was pleading guilty. (Id., pp. 18-19). And Petitioner confirmed he had no disagreement with the Government's factual basis supporting the charges, that there were more than ten images of child pornography on his computer, and that "everything else" in the factual basis was "true." (Id., pp. 21, 24). After confirming he had no questions, Petitioner pleaded guilty to each count in the superseding indictment. (Id., p. 25). At the end of the colloquy, and after Petitioner entered his guilty pleas, the magistrate asked him: "Is this because you are guilty of these crimes?" Petitioner's response was, without equivocation, "Yes." (Id.)

his diabetic condition (CR Dkt. 73, p. 6). Indeed, the magistrate judge asked him if the medications affected his "understanding in any way" to which Petitioner unequivocally responded "No." (Id.) He told the magistrate judge he had never been declared incompetent or treated for any mental illness. (Id., pp. 5-6). He told the judge he had not been threatened or promised anything and was fully satisfied with his attorney's advice and representation. (Id., pp. 8, 10). Petitioner's testimony during his plea hearing is strongly presumed to have been true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Counsel confirmed that he had no concerns as to Petitioner's competency. He did bring to the magistrate judge's attention that Petitioner was having some vision difficulties and did not have is own glasses. Notwithstanding, counsel advised the judge, and Petitioner expressly confirmed, that counsel had read "word for word" the Notice Regarding Entry of Plea of Guilty Petitioner had signed. (Id., pp. 6-7).

In the end, the magistrate made an express finding of competence, based on Petitioner's "demeanor and responses to her questions, and counsel's representations." (Id.). The record does not raise a bona fide doubt about Petitioner's competence to enter a knowing and voluntary guilty plea, and there is accordingly no need to conduct an evidentiary hearing on this claim of ineffective assistance. The plea colloquy was thorough and supports the magistrate judge's finding of competency. *See Williams v. United States*, 443 F.2d 1151, 1155 (11th Cir. 1971)("Although it is well recognized that a claim of incompetency at the time of trial or entry of a plea, if supported by any credible factual allegations, is not to be considered frivolous, the Court may reject such a claim without a hearing if it is conclusively refuted by the record.").

Petitioner's contention that he could not have entered a knowing and voluntary guilty plea

18

is belied by his own representations under oath to the magistrate judge, as well as his attorney's assurances of his competency. *See United States v. Johns*, 390 Fed. Appx. 963, 971 (11th Cir. 2010)(record reflects a thorough plea colloquy to ensure competence and counsel's assurances of competence); *United States v. Deal*, 678 F.2d 1062, 1067 (11th Cir. 1982)("This colloquy between the defendant and the court clearly evidences Deal's presence of mind and the free exercise of his will. He acknowledged his satisfaction with his attorney and the competence of his legal advice, while also affirming his desire to voluntarily plead guilty."). And the magistrate judge's observations of Petitioner during the plea colloquy supports her finding of competence. *United States v. Jones*, 200 Fed. Appx. 915, 921 (11th Cir. 2006)("The district court's observations of Jones's conduct in the plea colloquy also support its finding that Jones was competent. The court noted Jones's composed demeanor and rational responses to its inquiries, during which Jones indicated that he fully understood the proceedings and plea agreement. Jones's counsel at the plea colloquy also stated that Jones was lucid during his discussions about the plea agreement, and counsel indicated that he thought Jones was competent.").

Lastly, there is no indication anywhere in this record that Petitioner ever equivocated about his decision to plead guilty. In allocuting during the sentencing hearing, Petitioner presented as an articulate, coherent, remorseful defendant, never equivocating as to his guilt and acceptance of responsibility. (CR Dkt. 78, pp. 41-42). The sentencing hearing was conducted On February 20, 2008, more than four months after Petitioner pleaded guilty. Yet, he never sought to withdraw his guilty plea. And his attorney effectively, and successfully, used his poor health and diabetic condition to support a sentence below the sentencing guidelines. Even if counsel in some manner performed deficiently, Petitioner has not established that he was prejudiced by any alleged deficient

19

performance. That is, he has not established or even argued "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart, supra.*

In sum, Petitioner presents no credible evidence, other than his own self serving, after-the-fact contentions, that he was not competent to enter a knowing and voluntary guilty plea, that his attorney was in the slightest degree remiss in his advice and representation concerning the plea, or that he would not have pleaded guilty and insisted on a trial but for counsel's alleged deficient performance.

As for his contention that counsel "failed to conduct further necessary investigation or obtain medical opinion regarding his physical and mental state," Petitioner alleges no facts supporting his claim that counsel should have undertaken any such action, other than his own self serving conclusions. Neither does he present any credible evidence that the timing of the change of plea hearing was in some way the result of deficient performance on the part of his attorney. And even if it was, Petitioner himself determined to proceed with a guilty plea even after the magistrate judge told him the hearing could be cancelled at any time if he decided not to plead guilty.

To the extent Petitioner complains that he did not have an adequate opportunity to consult with his attorney prior to the change of plea hearing, his own statements under oath before the magistrate judge belie that contention. And nothing supports his conclusory statement that his attorney refused to visit with him at the jail holding unit before the change of plea hearing. Indeed, Petitioner swore to the magistrate judge that he had sufficient time to confer with his attorney before entering his guilty plea.

To the extent Petitioner contends that his attorney knew "from the outset of their

20

relationship" that he did not want to plead guilty, and "took advantage" of his "weakened and fragile state of mind to suggest that [petitioner] plead guilty," the Rule 11 colloquy conclusively refutes this contention. Petitioner pleaded guilty after stating that he was fully satisfied with counsel's advice and representation, that he knew understood the charges and consequences of his guilty plea, and that no one had threatened or promised him anything.

In sum, this claim of ineffective assistance of counsel is refuted by the record. There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED** as to Grounds One, Four and Five. An evidentiary hearing on Grounds Two and Three will be scheduled by separate order.

**DONE AND ORDERED** this 29$^{te}$ day of November, 2011.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
U.S. Probation

21